J-S56010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID CREWS | : | |
| | : | |
| Appellant | : | No. 221 MDA 2018 |

Appeal from the PCRA Order December 29, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003228-2010

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 19, 2018**

Appellant, David Crews, appeals from the order entered in the Luzerne County Court of Common Pleas, which denied his second petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On October 14, 2009, at SCI Dallas, Appellant and another inmate engaged in an altercation.  Appellant, who knew he was HIV positive, threw fecal matter at five prison guards and threatened a similar action toward a sixth guard.

> On October 18, 2011, Appellant entered an open guilty plea to five counts of assault by prisoner and one count of terroristic threats with intent to terrorize another.  Following the plea, Appellant was immediately sentenced to an aggregate term of [7 to 14] years' incarceration consecutive to the sentence he was currently serving.  Thereafter, Appellant accused counsel of misrepresenting the

Commonwealth's plea offer concerning the statutory consecutive sentence. Appellant requested substitute conflict counsel and presented an oral motion to withdraw his guilty plea. The trial court denied his request for new counsel but granted his motion to withdraw his guilty plea.

A jury trial commenced on October 18, 2011[,] and Appellant was convicted of [five counts each of assault by a prisoner, aggravated harassment by a prisoner, and recklessly endangering another person, and one count of terroristic threats]. At the end of the trial, Appellant acted out and the trial court found him to be in contempt. On November 29, 2011, [A]ppellant was sentenced to an aggregate term of 10 to 20 years' incarceration consecutive to the sentence Appellant was previously serving; thus, the court imposed an increased sentence. …

***Commonwealth v. Crews***, No. 614 MDA 2012, unpublished memorandum at 1-3 ([Pa.Super.] filed January 31, 2013). [This Court] affirmed Appellant's judgment of sentence [on January 31, 2013. ***See id.***] Our affirmance was upheld by our Supreme Court [on July 25, 2013]. ***Commonwealth v. Crews***, [620 Pa. 728,] 70 A.3d 809 [(2013)].

On July 30, 2013, Appellant *pro se* filed a PCRA petition, raising a plethora of ineffective assistance of counsel claims. [The] PCRA court appointed counsel, who filed an amended PCRA petition. [The] PCRA court held a hearing on May 21, 2015, following which it denied Appellant relief. Appellant timely appealed to this Court. …

***Commonwealth v. Crews***, No. 1725 MDA 2015, unpublished memorandum at 2-3 (Pa.Super. filed July 11, 2016). On February 16, 2016, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit brief per ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en*

*banc*).  This Court affirmed the denial of PCRA relief and granted counsel's petition to withdraw on July 11, 2016.  **See Commonwealth v. Crews**, 154 A.3d 850 (Pa.Super. 2016).

On July 17, 2017, Appellant *pro se* filed his second PCRA petition.  The PCRA court appointed counsel on August 15, 2017.  On December 7, 2017, the PCRA court held an evidentiary hearing and denied relief on December 29, 2017.  On Monday, January 29, 2018, Appellant timely filed a notice of appeal.  The PCRA court did not order and Appellant did not file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On July 16, 2018, PCRA counsel filed an application to withdraw and a **Turner/Finley** brief in this Court.  This Court issued an order on July 19, 2018, which noted counsel's **Friend**[1] letter incorrectly stated Appellant's representation rights, and directed counsel to advise Appellant of his immediate right to retain private counsel or proceed *pro se*.  On August 13, 2018, this Court issued a follow-up order, and counsel complied on August 16, 2018.

As a prefatory matter, we address whether counsel has complied with the technical requirements of **Turner**/**Finley**.  "Before an attorney can be permitted to withdraw from representing a petitioner **under the PCRA**, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit'

---

[1] **Commonwealth v. Friend**, 896 A.2d 607 (Pa.Super. 2006).

- 3 -

[brief] pursuant to the mandates of **Turner**/**Finley**." **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003) (emphasis in original).

> [C]ounsel must…submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and petition to withdraw and advise the petitioner of his right to proceed *pro se* or with new counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, counsel filed a motion to withdraw as counsel and attaches a **Turner**/**Finley** letter referring to the nature of counsel's review and explaining why Appellant's issue lacks merit. Counsel's letter demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw, and advised Appellant regarding his rights. Thus, counsel substantially complied with the **Turner**/**Finley** requirements. **See Wrecks, supra**; **Karanicolas, supra**.

On appeal, counsel refers to Appellant's current complaint as trial counsel's failure to cross-examine witnesses on the inconsistencies between their testimony and information in the affidavit of probable cause. Appellant has not responded to the **Turner**/**Finley** letter brief with newly retained private counsel or *pro se*. Counsel discusses the timeliness of Appellant's

current PCRA petition and explains that his claim of ineffectiveness of trial counsel regarding cross-examination of the prosecution's witnesses was previously litigated in his first PCRA petition. Counsel submits Appellant's present claim is simply a variation on the same theme and could/should have been included in the prior petition. Counsel concludes Appellant's complaint does not meet any exception to the statutory time limits, and the petition remains jurisdictionally barred.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A court may not examine the merits of a petition for post-conviction relief that is untimely. *Commonwealth v. Abu-Jamal*, 574 Pa. 724, 735, 833 A.2d 719, 726 (2003). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation

of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, the judgment of sentence became final on October 23, 2013, upon expiration of the time to file a petition for writ of *certiorari* with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*). Appellant filed the instant PCRA petition on July 17, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant's claim of ineffective assistance of trial counsel, related to defense counsel's cross-examination of the Commonwealth's witnesses at trial, is either previously litigated or waived. In any event, the claim does not satisfy an exception to the PCRA time bar. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000) (explaining general rule that claim of ineffective assistance of counsel does not save otherwise untimely PCRA petition for review on merits). Following our independent review of the record, we agree

with counsel that Appellant's petition remains unreviewable on several grounds and the appeal is frivolous. Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2018